SCHUHKNECHT *v.* STATE PLUMBING BOARD.

1. LICENSES—PLUMBERS—RENEWALS.
   Master plumber who had held license as such on December 31, 1933, *held*, entitled to writ of mandamus compelling State plumbing board to issue him a license as master plumber for year 1936 without examination upon payment of application fee notwithstanding he had held no license during 1935 (2 Comp. Laws 1929, §§ 6692, 6695, as amended by Act No. 260, Pub. Acts 1933).

2. STATUTES—ADMINISTRATIVE CONSTRUCTION—REGULATORY ACT.
   Administrative construction of statute regulating a trade is of first instance and, if permissible, by reason of ambiguous language and long employed without question, may be considered for what it is worth but, if erroneous, cannot guide judicial construction.

3. LICENSES—PLUMBING—STATUTES.
   State plumbing board must look to statute, creating it and giving it powers and duties, for authority warranting powers exercised by it (2 Comp. Laws 1929, §§ 6692, 6695, as amended by Act No. 260, Pub. Acts 1933).

4. COSTS—PUBLIC QUESTION—PLUMBING.
   No costs are allowed in mandamus proceeding to compel issuance of license to master plumber, where question involved is of a public nature.

Mandamus by Fred C. Schuhknecht to compel the State Plumbing Board for the State of Michigan to issue to him a renewal of his license as master plumber. Submitted August 27, 1936. (Calendar No. 39,006.) Writ granted October 5, 1936.

*Myron H. Wolcott,* for plaintiff.

*David H. Crowley,* Attorney General, and *Edmund E. Shepherd* and *Weston L. Sheldon,* Assistants Attorney General, for defendant.

WIEST, J.   Petitioner seeks, by mandamus, to require the State plumbing board to issue to him a renewal of his license as a master plumber.

In 1933 and 1934 petitioner was a duly licensed master plumber.   Licenses are annual and expire on the last day of the year but may be renewed as later set forth.   Petitioner did not ask for renewal of his license for the year 1935, because of ill health and financial distress but, in 1936, he desired to resume his vocation and, on April 16th, through his attorney, tendered the board an application fee of $25 and asked for a renewal license.   The request was refused on the ground that petitioner had not, during January or February of 1935, applied for a renewal license and paid the fee.

In behalf of the board it is contended that petitioner's 1934 license expired on the 31st day of December 1934, and was automatically cancelled on March 1, 1935, by reason of his failure to apply for a renewal and pay the fee during January or February of 1935, and that a new application must be filed by him and an examination taken.

Counsel agree that the question of law is as follows:

"May the petitioner under the provisions of Act No. 260, Pub. Acts 1933, effective October 17, 1933, renew his master plumber's license for 1936, or is he required to make a new application for a 1936 license and take the regular master plumber's examination?"

We quote the relevant provisions of the mentioned statute.   Section 5 * provides:

"The plumbing board shall prescribe reasonable rules and regulations as to the qualifications, ex-

---

* Amending 2 Comp. Laws 1929, § 6692.—REPORTER.

amination and licensing of applicants, and for the registration of plumbers' apprentices. Any person heretofore not required to be licensed and who on March one, nineteen hundred twenty-nine, was engaged in or worked at the business of master plumber or journeyman plumber and who is required to be licensed under this act, shall, upon furnishing the commissioner with satisfactory evidence of having been so engaged on said date, and of having the necessary qualifications, shall be granted a master plumber's or a journeyman plumber's license without examination, provided he makes application therefor prior to January one, nineteen hundred thirty, and pays the prescribed examination fee.''

Section 8 * provides:

''Application for a plumber's license must be made to the plumbing board, with the fee herein prescribed. Unless the applicant is entitled to a renewal license, he shall be licensed only after passing a satisfactory examination. * * * After January first, nineteen hundred thirty-four, licenses of master plumbers shall be renewed upon payment of a fee of ten dollars. * * * Licenses shall expire December thirty-first of each year and may be renewed upon application made during the following January or February. After March first, all licenses not renewed shall be considered cancelled and may be renewed only upon application and the payment of the application fee: Provided, however, All master plumbers or journeymen plumbers not properly licensed on December thirty-first, nineteen hundred thirty-three, shall be required to make application for license and examination and pay the application fee.''

The mentioned proviso does not apply to petitioner for he was a duly licensed master plumber on

---

* Amending 2 Comp. Laws 1929, § 6695.—Reporter.

December 31, 1933, so the question turns upon the requirement to be exacted of a master plumber who has not applied for renewal of his license during the period stated.

The licenses are annual, expiring with each calendar year, but with a granted period for renewal, followed by cancellation if not renewed, supplemented, however, by right of renewal upon application and the payment of the application fee.

The statute seems to be plain. Under its provisions the license for the year expires at the end of the year. It may be renewed at any time during the first two months following expiration by payment of a renewal fee of $10; if not so renewed and a license is desired an application for it must be made and a fee of $25 accompany the same. Both provisions relate to renewal of expired licenses, and each has in contemplation previous licenses, dispensing with further need of an examination as to qualifications. It is significant that in such case the statute omits need of examination, specifically provided for in other instances, and in the one immediately following.

The holding of the board would read into the renewal provision the word "examination" to supply what is thought an unintentional omission. There is better sense in the provision as it reads.

Counsel for the board stress the fact that expiration of the license at the end of the calendar year is followed later by cancellation and urge that cancellation cannot well be followed by renewal upon mere application and payment of the stated fee.

Consideration of the whole act renders the intent of the legislation clear in distinguishing renewals of licenses from initial licenses.

We are asked to give force to administrative construction. Such construction is of first instance and,

if permissible, by reason of ambiguous language, and long employed without question, may be considered for what it is worth but, if erroneous, cannot guide judicial construction.

The board must look to the statute for authority warranting powers exercised, and there individuals concerned may also look.

Petitioner is entitled to renewal of his license for the year 1936 and, if necessary, the writ will issue. The question involved being of public nature there will be no costs.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, SHARPE, and TOY, JJ., concurred. POTTER, J., did not sit.