PEOPLE *v.* RYAN.

1. CONSPIRACY—INCEPTION—RAMIFICATIONS—KNOWLEDGE OF INDIVIDUAL CONSPIRATOR.

   It is not necessary to conviction for conspiracy that a particular defendant have knowledge of its inception or of all its many ramifications.

2. SAME—JOINING AFTER FORMATION.

   One who joins in a criminal conspiracy after it has been formed is as guilty as though he were an original conspirator.

3. SAME—EVIDENCE—INFERENCES.

   Conspiracy may be established by circumstances and may be based on inferences.

4. SAME—EVIDENCE.

   Conviction of criminal conspiracy was sustained upon evidence that defendant actively participated in furthering, aiding and abetting the conspiracy charged.

5. CRIMINAL LAW—CREDIBILITY OF WITNESSES.

   Credibility of witnesses is for the jury to decide in a criminal case.

6. CONSPIRACY—CONNECTING EVIDENCE AS TO INDIVIDUAL CONSPIRATOR.

   Evidence in prosecution for conspiracy to obstruct justice which conspiracy was incident to the conduct of various widespread gambling activities, where conspiracy was proved and a police inspector who handled the bribery money as a go-between in its distribution testified as to conversations had with defendant relative to amount distributed from "pool" received by defendant, was sufficient to sustain conviction.

7. CRIMINAL LAW—ARGUMENT OF PROSECUTOR—RECORD—JURY—INSTRUCTIONS.

   Argument of prosecutor, claimed to have been unsupported by the record in prosecution for criminal conspiracy, did not con-

stitute prejudicial error where there was especial attention called to the challenged statements and jury was instructed to disregard them in case they failed to find substantiation therefor in the record.

8. SAME—REQUESTS TO CHARGE—INSTRUCTIONS.

In prosecution for criminal conspiracy, appellant's requests to charge *held*, adequately covered by the court in charge as given except as to directed verdict and as to prosecutor's argument to jury, a matter as to which appellant's interests were safeguarded by the court during the trial.

9. SAME—ARGUMENT OF PROSECUTOR—EVIDENCE—BRIBERY.

Reference to appellant as the dictator of a gambling empire in prosecutor's argument to jury in prosecution for conspiracy to obstruct justice incident to operation of gambling enterprises was justified by testimony that appellant suggested or dictated the distribution of bribery money; hence denial of motion for mistrial was not reversible error.

Appeal from Wayne; Pugsley (Earl C.), J., presiding. Submitted October 14, 1943. (Docket No. 84, Calendar No. 42,090.) Decided December 29, 1943.

Elmer Ryan was convicted of conspiracy to obstruct justice. Affirmed.

*P. J. M. Hally* (*Thomas F. Chawke*, of counsel), for appellant.

*Herbert J. Rushton*, Attorney General, *Edmund E. Shepherd*, Solicitor General, and *Thomas A. Kenney* and *Daniel J. O'Hara*, Assistants Attorney General, for the people.

BOYLES, C. J. Appellant is one of a number of defendants convicted by jury in the circuit court for Wayne county on an information charging criminal conspiracy. He prosecutes separate appeal on the same record filed in *People* v. *Roxborough, ante,*

575, and seeks reversal on five grounds stated as follows, which will be discussed seriatim:

1. "Was the conviction of this defendant and appellant had without any proof of knowledge upon his part of the conspiracy as pleaded, and is he entitled to his discharge?"

Ryan actively participated in furthering, aiding and abetting the conspiracy charged in the information. It is not necessary to conviction for conspiracy that one must have knowledge of its inception or of all its many ramifications. One who joins in a criminal conspiracy after it has been formed is as guilty as though he were an original conspirator. *People* v. *Garska,* 303 Mich. 313. Conspiracy may be established by circumstances and may be based on inferences. *People* v. *Robinson,* 306 Mich. 167.

2. "Was the testimony of the witness Boettcher sufficient upon which to predicate a conviction of this defendant and appellant?"

It was, when linked with the other testimony in the case. The weight to be given Boettcher's testimony was for the jury to decide. Credibility of witnesses is for the jury. The conspiracy was proven. There was testimony indicating that Boettcher, an inspector of the Detroit police department, was a go-between who handled the bribery money, that he had numerous conversations with appellant regarding its distribution, that Ryan was told that it was "policy" money, that Ryan suggested who should be contacted, that Ryan himself received large sums of this money each month for some length of time, that Mayor Reading was paid money by Boettcher at Ryan's suggestion, that Ryan received monthly payments into a "down-town" pool, that the collection of illegal money was discussed

with Ryan in his office, and that Ryan complained he was not getting enough in to take care of everybody. It is reasonable to infer that Ryan participated in the conspiracy, aided and abetted in the common purpose and design. Ryan claims that the money paid to him was for some other purpose, personal to himself, to discharge other "obligations." The same might be said of any conspirator who knowingly receives bribery or graft money. It is no defense.

3. "Was the testimony relating to other offenses improperly employed by the prosecuting attorney, and was the argument of the prosecuting attorney prejudiciously erroneous?"

We have reviewed the references to Ryan made during the course of the trial and by the prosecutor in his argument. When appellant's counsel during the prosecutor's argument to the jury objected to the accuracy of certain statements of the prosecutor, the court said to the jury:

*"The Court:* Members of the jury, you have heard the challenge that has just been made by Mr. Hally to the accuracy of the statements and arguments made by Mr. Kenney. I remind you again that you will be governed by your own recollection and understanding of the facts, and if they are at variance with the statement made by counsel, your own understanding should prevail in preference to the arguments made by counsel."

There was some justification in the testimony, for the prosecutor's argument. The conclusions of fact were properly left to the jury for decision. Again, when appellant's counsel was about to present his argument to the jury on behalf of his client, the court said to the jury:

"*The Court:* Members of the jury, Mr. Hally is about to present an argument in behalf of his client, Elmer Ryan. There has been submitted to me among the requests to charge certain requests which are in the nature of a request to the court to direct you to strike from your consideration of this case certain arguments that were made by Mr. Kenney in his opening argument to you. Those statements contained in these requests are as follows:"

The court then read the six statements, the accuracy of which was challenged by Mr. Hally, and concluded as follows:

"Now, members of the jury, I have read to you the statements quoted from the argument of Mr. Kenney, which counsel for Mr. Ryan claimed was unsupported by the record. I have been requested to ask you to disregard these statements.

"I charge you at this time in that connection that if there are any statements which I have read to you from the argument of Mr. Kenney which you find are not substantiated and corroborated by the record it is your duty to entirely disregard that.

"It has been my effort throughout this trial to refrain from making comments upon the testimony. In other words, I have tried to stay away from your province, which is to decide the facts. You have all of the knowledge that I have of this record. You have heard the testimony the same as I have done, and therefore in conclusion I again charge you to eliminate from your consideration from this argument such portions, if any, as you find are unsupported by the evidence.

"I have elected to give you this instruction at this time before Mr. Hally makes his argument and before the closing argument is made by the people in order that both sides may make such further comment concerning it as they believe to be justified by the record."

We find no prejudicial error in the argument, in view of the foregoing procedure.

4. "Did the court commit error in not properly presenting to the jury the law applicable to the case and in failing to instruct as requested by this defendant and appellant?"

Insofar as the court's instructions to the jury are challenged in the brief filed by this appellant we find no prejudicial error. We have examined appellant's requests to charge. In substance, except as to directing the jury to find appellant not guilty, the requests were adequately covered by the court in its charge to the jury. Appellant further requested the court to instruct the jury that there was no testimony in the record to justify certain statements made by the prosecutor in his argument to the jury. There was no occasion for the court to further instruct the jury in that regard as requested by counsel for appellant. As we have already pointed out, the court during the course of the trial and argument had safeguarded the interests of this appellant as to differences of opinion between counsel, as to the facts and the inferences to be drawn therefrom.

5. "Should the court have granted this defendant and appellant's motions to declare the trial a mistrial, to direct a verdict in his favor, and for a new trial?"

The only ground for reversal discussed in appellant's brief under this question relates to the denial of a motion for mistrial during the prosecutor's argument, when counsel for appellant moved for mistrial because the prosecutor referred to appellant as the dictator of the gambling empire. There was some justification for the prosecutor's argu-

ment, under the testimony that Ryan suggested or dictated the distribution of the bribery money. There is no merit in this claim.

Conviction and sentence affirmed.

CHANDLER, NORTH, STARR, WIEST, BUTZEL, BUSH-NELL, and SHARPE, JJ., concurred.