ALLER v. DETROIT POLICE DEPARTMENT TRIAL BOARD.

1. STATUTES—CONSTRUCTION BY GOVERNMENTAL DEPARTMENTS.

The construction placed upon statutory provisions by any particular department of government for a long period of time, although not binding upon the courts, should be given considerable weight.

2. MUNICIPAL CORPORATIONS—POLICEMEN—DISMISSAL—CHARTERS.

The rights of members of city's police department were not prejudiced by reason of the fact that original hearing on petitions for their dismissal was had before trial board, consisting of commissioner of police, chief of detectives and superintendent of police, acting as chief inspector, instead of before the commissioner of police only, and charter provisions pursuant to which hearing was had were characterized by trial judge as "a masterpiece of ambiguity" (Detroit Charter, title 4, chap. 21, § 16).

3. SAME—CHARTERS—DISMISSAL OF POLICE OFFICERS—ADMINISTRATIVE INQUIRY.

Purpose of charter provisions setting up trial procedure for dismissal of police officers is to check hasty and inconsiderate action, prevent autocratic tendencies, and publicize the proceeding, but the proceeding is in the nature of an administrative inquiry whose purpose is accomplished by a fair hearing upon specific charges supported by evidence.

4. CONSTITUTIONAL LAW—REVIEW OF ADMINISTRATIVE ACTION—CERTIORARI—JURISDICTION.

The action of an administrative tribunal designed to afford a hearing on specific charges supported by evidence in the matter of dismissing, demoting, or disciplining police officers is open to public consideration but not to judicial review by appeal or certiorari except as it is made to appear as a matter of law the essentials of jurisdiction have not been followed.

5. APPEAL AND ERROR—FINDING OF ADMINISTRATIVE TRIBUNAL—EVIDENCE.

Under terms of charter providing for police trial board, its finding of fact in proceeding to dismiss police officer for conduct unbecoming to an officer is final where supported by evidence (Detroit Charter, title 4, chap. 21, §§ 16, 17).

6. ADMINISTRATIVE LAW—PROCEDURE—HEARING—JUDGMENT.

The differences in origin and function of courts and of administrative agencies preclude the wholesale transportation to administrative proceedings of the rules of procedure, trial and review which have evolved from the history and experience of courts, but interested parties before administrative agencies must be afforded an opportunity for a hearing before it and its judgment must express a reasoned conclusion.

7. MUNICIPAL CORPORATIONS—POLICE TRIAL BOARD—PROCEDURE—EVIDENCE.

Since law and order can only be maintained in the hands of police officers who are, in the opinion of their superiors, fit and proper persons to administer and enforce the law, the superiors' responsibility should not be curtailed or circumscribed by insistence upon application of technical rules as to the admissibility of proof by city police trial board, although the board's finding of fact must be supported by competent evidence.

8. OFFICERS—SURRENDER OF PRIVATE RIGHTS.

Those who serve the public, either as makers, interpreters or enforcers of the law, must necessarily surrender some of their presumed private rights while acting in such capacity.

9. MUNICIPAL CORPORATIONS—POLICE FORCE—RULES AND REGULATIONS.

A person appointed as a member of a police force of a city thereby subjects himself to the reasonable rules and regulations adopted by the city board having control of the police force.

10. COSTS—PUBLIC QUESTION—POLICE TRIAL BOARD'S ACTION.

No costs are allowed on appeal in consolidated certiorari cases in circuit court to review decisions of municipal police trial board in proceedings to review dismissals of members of police force, a public question being involved.

Appeal from Wayne; Moll (Lester S.), J. Submitted April 11, 1944. (Docket No. 48, Calendar No. 42,698.) Decided September 11, 1944. Rehearing denied December 1, 1944.

Separate petitions for writs of certiorari by Fred Aller and 22 other police officers of the city of Detroit against John H. Witherspoon and others to review dismissal by police trial board. Dismissals vacated on 21 of the petitions. Defendant trial board appeals. Petitioners cross-appeal. Cases consolidated. Orders reversed except on petitions by McKeon, Edom, Berry and Carbary.

*Louis J. Colombo, Jr., Anthony A. Vermeulen (Louis J. Colombo, Sr.,* of counsel), for plaintiffs.

*Paul E. Krause,* Corporation Counsel, and *Nathaniel H. Goldstick,* Assistant Corporation Counsel, for defendants.

Bushnell, J. Thirty-three police officers of the city of Detroit, who had been indicted by the so-called one-man grand jury conducted by Circuit Judge Homer Ferguson, were subsequently tried together with John Roxborough and Elmer Ryan. See *People* v. *Roxborough* 307 Mich 575, and *People* v. *Ryan,* 307 Mich. 610 They were either found not guilty or the information which had been filed against them was dismissed on motion. Immediately after the conclusion of the criminal trials, written charges were filed with the superintendent of police, charging each of them with conduct unbecoming an officer.

Under the provisions of title 4, chap. 21, §§ 16 and 17 of the charter of the city of Detroit, the trial board of the Detroit police department consists of the commissioner of police, or deputy commissioner of police, the chief of detectives, or such assistant as he may appoint, and the chief inspector of police. In these cases, John H. Witherspoon, commissioner of police, acted as chairman of the board, Paul H.

Wencel, chief of detectives, and Louis L. Berg, superintendent of police, acting in the capacity of chief inspector, sat with the commissioner as members.

Separate hearings were had before the trial board of the Detroit police department and five of the officers were found not guilty and ordered reinstated; 28 were found guilty and dismissed from the department. Twenty-three of the officers dismissed filed petitions for writs of certiorari in the circuit court for the county of Wayne, 21 of which petitions were granted.

Each petition was heard separately and separate orders were entered vacating the orders of the trial board dismissing the 21 petitioners from the Detroit police department. As to these petitioners the trial judge found that their "trials" were unfair, and the action of the trial board in dismissing them from the force was arbitrary and capricious. In each instance the trial board filed a claim of appeal and the officer concerned filed a claim of cross-appeal. By stipulation, the 21 cases were consolidated on appeal.

The trial court's conclusions were based principally upon the fact that the trial board permitted witnesses to be questioned by reading to them, not the entire transcript of the testimony they gave in the criminal cases, but only portions thereof, and asking them whether their answers were true; and in some instances by reading such transcript in the total absence of the witness who gave such testimony. The trial court held that this use of transcripts was without precedent in the law and that such testimony was pure hearsay and of no evidentiary value even though no objection was made by the officers concerned to the introduction of such transcripts before the trial board.

Title 4, chap. 21, § 16, of the charter of the city of Detroit reads in part as follows:

"No member of the police force shall be removed from the force except upon written charges preferred against him to the commissioner and after opportunity of being heard in his defense, but the commissioner may suspend any member of the force pending the hearing of the charges against him. Any member of the force deeming himself excessively penalized may demand a hearing."

Petitioners contended before the trial court and contend here that the trial board does not have original jurisdiction to hear and determine charges against a police officer, and that their rights under the charter were denied because they were not afforded an opportunity to be heard in their defense before the commissioner, nor were they penalized by him; and they contend, therefore, that the proceedings before the trial board were a nullity.

The trial judge did not agree with this interpretation of the charter although he characterized the section as "a masterpiece of ambiguity which practically defies judicial or other interpretation."

Appellants contend that the hearings were had in accordance with long-established practice and that, since no procedural objections were made at the hearing before the trial board, which took many weeks, the procedure followed should be approved under the theory of practical construction.

It is well settled that the construction placed upon statutory provisions by any particular department of government for a long period of time, although not binding upon the courts, should be given considerable weight. *Board of Education of the Union School District of the City of Owosso* v. *Goodrich,* 208 Mich. 646, 652, and *People* v. *Robinson,* 241 Mich. 497. It does not appear that appellees' and cross-appellants' rights were prejudiced by an original hearing before the trial board.

The controlling question is whether the trial judge was correct in applying to police trial boards the general rules of procedure and evidence as are applied in a trial at law. The court said in *Mapley* v. *City of Pontiac,* 288 Mich. 396, in discussing certain provisions of the charter of the city of Pontiac:

"Trial before the police and fire trial board supplanted the former method of power of dismissal of police and firemen without formal charges and a public hearing, but the purpose thereof in conception and operation is wholly administrative. The charter provision checks hasty and inconsiderate action, prevents autocratic tendencies and publicizes the proceedings. The hearing or trial before the board is not a trial at law but a proceeding in the nature of an administrative inquiry or inquisition and the purpose thereof is accomplished if there is a fair hearing upon specific charges supported by evidence. The action of the board is open to public consideration but not to judicial review in the sense of an appeal nor by certiorari, except it is made to appear as matter of law the essentials of jurisdiction have not been followed. The proceeding was administrative and, under the terms of the charter, the finding of the fact by the board is final if supported by evidence."

A similar view was expressed by the United States supreme court in *Federal Communications Commission* v. *Pottsville Broadcasting Co.,* 309 U. S. 134 (60 Sup. Ct. 437, 84 L. Ed. 656), as summed up in the headnote of the reported case in 84 L. Ed. as follows:

"The differences in origin and function of courts and of administrative agencies preclude the wholesale transportation to administrative proceedings of the rules of procedure, trial and review which have evolved from the history and experience of courts."

And the court said:

"To be sure, the laws under which these agencies operate prescribe the fundamentals of fair play. They require that interested parties be afforded an opportunity for hearing and that judgment must express a reasoned conclusion."

The record shows that in the proceedings before the trial board in the cases of appellees Aller, Blum, McManamon, Harrison, Lessnau, Vorpagel, Buckles, McKeon, Purdie, Kennedy, Kloka, McNinch, Ryckman, Welke, Finney, Slavin, Wilcox, and Bellm, witnesses appeared and either verified the testimony they had given in the criminal cases or gave additional testimony. In the cases of Berry, Carbary, and Edom, witnesses were not present at the trial board's hearing and their testimony in the criminal trials was read from the transcripts without objection. In the case of McKeon, although a witness appeared before the court, his testimony was weak and he did not expressly state that he had paid any money to McKeon, nor could he tell to whom he had paid money. At this hearing the testimony of this witness in the criminal trial was also received without objection.

Noting that the testimony given in the criminal trials of McKeon, Edom, Berry and Carbary was not authenticated by the court stenographer who prepared the transcripts, and that no witness had appeared in substantiation of this testimony, the trial judge determined that such testimony should be excluded and found as a result that, without it, there was no testimony or evidence before the trial board to justify its actions in these cases. In the other cases he concluded that he could not determine how much weight was given to the unauthenticated transcripts, and therefore such trials were unfair.

It is unnecessary to plant decision in these appeals upon the failure of the officers in question to object to the reception of such testimony, as we are mainly concerned with the proposition that, in the review of such matters by certiorari, "the finding of fact by the board is final if supported by evidence." *Mapley* v. *City of Pontiac, supra.*

When they adopted their charter the people of the city of Detroit committed to the trial board of their police department the responsibility of determining the propriety of the "acts, conduct or omissions" of the members of the police department (title 4, chap. 21, § 16) and the board is required to pass judgment when written charges are preferred, and if such charges are sustained, to remove the officer in question from the force or subject him "to such other penalty as the board may prescribe."

Law and order can only be maintained in the hands of police officers who are, in the opinion of their superiors, fit and proper persons to administer and enforce the law. Such responsibility should not be curtailed or circumscribed by insistence upon the application in each instance of technical rules as to admissibility of proof, even though the finding of fact by the board must be "supported by evidence." On the other hand, the police trial boards should be free to work out their own rules of procedure and pursue such methods of inquiry that will permit them to adequately discharge their responsibilities to the public. The rules of fair play in such instances are of far more importance to the public and the police officers concerned than is the application of strict legal procedure.

As said in *Fraternal Order of Police* v. *Lansing Board of Police & Fire Com'rs,* 306 Mich. 68, 79:

"Those who serve the public, either as the makers of the law, the interpreters of the law, or those who

enforce the law, must necessarily surrender, while acting in such capacity, some of their presumed private rights."

In that case the court was unanimous in stating that it cannot be denied "that when a person is appointed and becomes a member of the police department, he subjects himself to the reasonable rules and regulations adopted by the board."

Although, in our judgment, the police departments of the State should not be hampered by requiring them to retain an officer in the police force merely because his "acts, conduct or omissions" cannot be substantiated by strict legal evidence, there must be some competent evidence to sustain the action of the trial board. This court has held as follows:

"The board of police commissioners do not act as a court, and the formal and technical rules of pleading and practice do not apply to their investigations." *Wellman* v. *Board of Metropolitan Police of the City of Detroit,* 84 Mich. 558, 561.

"With the strength or weakness of the case against Mr. Bolger, we have nothing to do; our inquiry is limited to ascertaining whether there was any competent evidence, however weak, tending to sustain the findings of the common council. We agree with the circuit bench that there was such evidence and the judgment is affirmed." *Bolger* v. *Detroit Common Council,* 153 Mich. 540, 559.

"The instant case involves an employee policeman, whose character must be above reproach and whose truthfulness must be above suspicion. His veracity and integrity must be relied upon in the performance of his duties and the trial of criminal cases." *Calvert* v. *City of Pontiac,* 288 Mich. 401, 403.

An examination of the record requires the conclusion that each officer was afforded ample op-

portunity to meet the charges preferred against him, and that there was competent evidence presented in each of the cases, except those of McKeon, Edom, Berry and Carbary, to support the conclusion of the trial board that such officer should be dismissed from the force.

The order of the trial court in each instance, except McKeon, Edom, Berry and Carbary, is vacated and the several writs of certiorari are dismissed. In each of the cases of McKeon, Edom, Berry and Carbary the order of the trial court is affirmed without prejudice to further proceedings before the trial board as to these four petitioners. Because of the nature of the appeal, no costs will be allowed. It is so ordered.

NORTH, C. J., and STARR, WIEST, BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred.