### DAVIDSON v. SECRETARY OF STATE.

1. AUTOMOBILES—ROAD CONSTRUCTION CONTRACTOR'S VEHICLES—REGISTRATION—TITLE—TAXATION.

    Batching trucks, used by road construction contractor for transportation of concrete mix from mixing plant over public highways then open to public travel, are subject to provisions of vehicle code as to registration, certificate of title and weight tax (PA 1949, No 300, § 62; § 216, as amended by PA 1953, No 110; § 801, as amended by PA 1954, No 147).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 5A Am Jur, Automobiles and Highway Traffic § 112.
[2] 5A Am Jur, Automobiles and Highway Traffic § 113.
[5] 16 Am Jur, Declaratory Judgment § 75.

2. SAME—STATE- AND MUNICIPALLY-OWNED VEHICLES—REGISTRATION.
   State- and municipally-owned vehicles are no longer exempt from registration provisions of the vehicle code (PA 1949, No 300, § 216, as amended by PA 1953, No 110).

3. SAME—ROAD CONSTRUCTION CONTRACTOR'S TRUCKS—TAXATION—CONSTRUCTION OF STATUTES.
   Claim that road construction contractor's trucks that transport concrete mix over public highways open to the public should not be taxed since it would be but an item of expense which would be passed on to the State or municipality in increased contract prices for paving projects and tend to waste money for highway construction presents a policy question addressable to the legislature, not a matter of statutory construction for the courts (PA 1949, No 300, § 216, as amended by PA 1953, No 110).

4. SAME—BATCHING TRUCKS—REGISTRATION—TITLE—TAXATION.
   Road construction contractor's batching trucks were not entitled to exemption from registration, certificate of title and weight tax provisions of the vehicle code as special mobile equipment, where it appears they were designed for the transportation of property and use in transporting concrete mix over highway open to the public was more than incidental (PA 1949, No 300, § 62; § 216, as amended by PA 1953, No 110; § 801, as amended by PA 1954, No 147).

5. COSTS—PUBLIC QUESTION—BATCHING TRUCKS—REGISTRATION—TITLE—WEIGHT TAX.
   No costs are allowed in suit for declaratory judgment as to exemption of road construction contractor's batching trucks from registration, certificate of title and weight tax provisions of vehicle code, a public question being involved (PA 1949, No 300, § 62; § 216, as amended by PA 1953, No 110; § 801, as amended by PA 1954, No 147).

Appeal from Ingham; Ryan (Theodore P.), J. Submitted October 16, 1957. (Docket No. 75, Calendar No. 47,358.) Decided December 24, 1957.

Bill by L. A. Davidson against James M. Hare, Secretary of State, for declaratory judgment to the effect that certain mobile equipment used in highway construction be exempt from motor vehicle reg-

·istration and tax. Decree for defendant. Plaintiff appeals. Affirmed.

*Carl H. Reynolds,* for plaintiff.

*Thomas M. Kavanagh,* Attorney General, *Samuel J. Torina,* Solicitor General, and *Russell A. Searl,* Assistant Attorney General, for defendant.

DETHMERS, C. J. Plaintiff, a contractor engaged exclusively in building highways and bridges under contract with State or municipal agencies, filed a bill for declaratory judgment seeking construction of the registration and taxing provisions of PA 1949, No 300, as amended, as applied to some of his road construction equipment. From decree adopting a construction contrary to that urged by him, plaintiff appeals.

The pertinent provisions of the statute are:

"Sec. 216.    Every motor vehicle, trailer coach, trailer, semitrailer and pole trailer, when driven or moved upon a highway shall be subject to the registration and certificate of title provisions of this act except: *    *    *

"4. Any special mobile equipment as herein defined; *    *    *

"6. No certificate of title or registration certificate need be obtained for any vehicle of a type subject to registration owned by the government of the United States." CLS 1956, § 257.216 (Stat Ann 1955 Cum Supp § 9.1916).

"Sec. 62. 'Special mobile equipment' means every vehicle not designed or used primarily for the transportation of persons or property and incidentally operated or moved over the highways, including farm tractors, road construction or maintenance machinery, ditch-digging apparatus and well-boring apparatus. The foregoing enumeration shall be

deemed partial and shall not operate to exclude other such vehicles which are within the general terms of this definition." CLS 1956, § 257.62 (Stat Ann 1952 Rev § 9.1862).

"Sec. 801. The secretary of State shall collect the following specific taxes at the time of registering a vehicle." CLS 1954, § 257.801 (Stat Ann 1955 Cum Supp § 9.2501).

The equipment involved consists of 6 so-called "batching trucks" which have regular Reo chassis upon each of which has been mounted a special steel bin divided into 5 compartments, each compartment designed to hold a measured quantity of mixed concrete and to release it separately. These trucks are used only for transporting concrete mix from a mixing plant to a highway location being paved therewith. Such mixing plant normally is erected near the area to be paved. During 1955, the period here involved, plaintiff used these trucks on the job of paving a certain expressway which had service roads on either side of the expressway itself. Part of the travel by these trucks between the mixing plant and location being paved was over these service roads, which were highways then open to public travel. The number of such trips extended at least into the hundreds. These trucks are not moved from one construction job to another under their own power but only upon specially constructed moving flats which are licensed for over-the-road hauling.

Plaintiff contends that the "batching trucks" are not subject to the registration, certificate of title, and taxing provisions of the act, but are exempt therefrom.

In support of his contention, plaintiff argues, first, "that the spirit of section 257.216, subd 6, exempting State-owned vehicles, should include vehicles used solely for the performance of contracts for the benefit of the State." The difficulty with the argument

is that, since the 1953 amendment (PA 1953, No 110), the exemption from registration under the section relied on by plaintiff no longer extends, as plaintiff supposes, to vehicles owned by the State of Michigan or its municipalities, but only, as appears from its quotation above, to those owned by the government of the United States. In answer to his related argument that the amount of the tax, if imposed on these vehicles, would be an item of expense which would be passed on to the State or municipality in increased contract prices for paving projects and that this would tend to waste public money intended for highway construction, it must be said that, in view of the plain provisions of the statute, this raises no question of statutory construction but a policy question properly to be addressed to the legislature, not to this Court. *French v. County of Ingham,* 342 Mich 690.

The "batching trucks" were, in the language of section 216 of the statute, motor vehicles driven upon a highway and, therefore, subject to its registration requirements unless expressly exempted. Urging that they are thus exempted, plaintiff relies, next, on the express statutory exception from the registration requirements of "any special mobile equipment as herein defined." Turning to the statute's definition of that term, contained in section 62, he points out that it includes "road construction or maintenance machinery" and "other such vehicles which are within the general terms of this definition." The immediate point of difference between plaintiff and defendant is whether the language of the general definition in section 62, which reads, " 'Special mobile equipment' means every vehicle not designed or used primarily for the transportation of persons or property and incidentally operated or moved over the highways," modifies its immediately succeeding enumeration of included equipment such as "road

construction machinery." Plaintiff says "No"; defendant says "Yes". We agree with defendant. To accept plantiff's interpretation would be to substitute the word "and" for the connecting word "including" found between the general definition just considered and the enumeration which follows. We cannot deny to the word "including" its natural meaning. It connotes the idea that the items of equipment immediately thereafter enumerated are included within the meaning of the preceding definition. It follows, therefore, that the specifications of that general definition must be found to exist with respect to the enumerated items of equipment if they are to qualify as "special mobile equipment" entitled to exemption. This conclusion is further borne out by the language following the enumeration to the effect that such enumeration "shall not operate to exclude other such vehicles which are within the general terms of this definition." This is expressive of a clear legislative intent that the enumerated vehicles must, together with "other such vehicles," come "within the general terms of this definition" in order to be considered exempted "special mobile equipment."

Applying the general terms of the definition to plaintiff's "batching trucks," we can only conclude that, even though they be held to be road construction machinery, they are not special mobile equipment entitled to exemption because they fail to qualify as vehicles "not designed or used primarily for the transportation of persons or property and incidentally operated or moved over the highways." The "batching trucks" were (1) designed and (2) used primarily for the transportation of property, and (3) their operation in 1955 over the service roads open to public travel was more than incidental. Existence of any 1 of these 3 factors, all of them here present, will defeat the claimed exemption.

Affirmed, without costs, a public question being involved.

SHARPE, SMITH, EDWARDS, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.