EINERWOLD v COMPLETE AUTO TRANSIT, INC

Docket No. 80107. Submitted May 9, 1985, at Lansing.—Decided September 4, 1985.

Eugene Einerwold, an employee of Complete Auto Transit, Inc., was injured when the pickup truck in which he was riding collided with another vehicle on Complete Auto's premises. Both vehicles were owned by Complete Auto, and the one in which Einerwold was riding was not registered for use on the street, being used as a "yard taxi", and was not insured. Einerwold filed suit against Complete Auto Transit, Inc., National Union Fire Insurance Company, which insured Complete Auto, and Aetna Casualty & Surety Company, the insurer of Einerwold's personal motor vehicle, in Oakland Circuit Court. Aetna filed a cross-claim against Complete Auto and National Union. Einerwold settled his claims against the defendants and his action against defendants was dismissed. Complete Auto and National Union filed cross-motions for summary judgment on Aetna's cross-claim. The court, George H. LaPlata, J., granted summary judgment in favor of Aetna, finding that the truck in which Einerwold was riding at the time of the accident, although primarily used on Complete Auto's premises, was required to be registered and insured under the no-fault act because it was regularly driven on the street, going back and forth between Complete Auto's different locations. The court held that the truck did not qualify for the exemption from registration applicable to vehicles driven or moved upon a highway only for the purpose of crossing that highway from one property to another. Complete Auto and National Union appealed. *Held:*

1. Complete Auto clearly used its "yard taxis" to traverse highways in order to get to its other properties, instead of merely crossing the street. Therefore, it was required to regis-

REFERENCES FOR POINTS IN HEADNOTE

Am Jur 2d, Automobile Insurance § 341.

Unlicensed automobile owned by insured as "owned automobile" within language of automobile liability insurance. 21 ALR4th 918.

ter such vehicles for street use and to maintain security for payment of benefits under personal protection insurance.

2. Complete Auto cannot escape application of the registration requirements or the liability provisions of the no-fault laws merely because this accident happened to occur on private property. The fact that the accident occurred on private property is irrelevant.

3. National Union, being the insurer of Complete Auto's fleet of vehicles, is the insurer of the "yard taxi" in which Einerwold was riding because the vehicle was required to be registered and, therefore, insured under the provisions of the policy issued by National Union.

Affirmed.

AUTOMOBILES — REGISTRATION — INSURANCE.

A motor vehicle used primarily upon the premises of the vehicle's owner is required to be registered and insured in accordance with the Motor Vehicle Code and the no-fault act where the vehicle is driven upon the street in order to travel back and forth between different properties belonging to the owner; the registration exemption for a vehicle driven or moved upon a highway only for the purpose of crossing that highway from one property to another does not apply where the vehicle must traverse highways in order to get from one property to another (MCL 257.216[b], 500.3101[1]; MSA 9.1916[b], 24.13101[1]).

*Collins, Einhorn & Farrell, P.C.* (by *Dale J. McLellan* and *Noreen L. Slank*), for cross-plaintiff.

*Michael J. Mangapora, P.C.* (by *Michael J. Mangapora*), for cross-defendants.

Before: R. B. BURNS, P.J., and BRONSON and R. L. TAHVONEN,* JJ.

PER CURIAM. Plaintiff filed a complaint against Complete Auto Transit, Inc. (Complete Auto), his employer, National Union Fire Insurance Company (National Union), his employer's insurer, and Aetna Casualty & Surety Company (Aetna), the insurer of plaintiff's personal motor vehicle, for

* Circuit judge, sitting on the Court of Appeals by assignment.

damage for injuries sustained in a motor vehicle accident. Aetna filed a cross-claim against Complete Auto and National Union. Plaintiff settled with defendants and an order was entered dismissing the action between plaintiff and defendants. The remaining parties then filed cross motions for summary judgment on Aetna's cross-claim. After hearing, the trial judge granted the motion in favor of Aetna. Complete Auto and National Union now appeal. We affirm.

Plaintiff was employed by Complete Auto as a "rail loader". On December 27, 1978, he was a passenger in the back of a pickup truck, called a "yard taxi", owned by Complete Auto, and driven by another employee, when the truck collided with another company-owned vehicle in Complete Auto's David Street "yard". The truck was not registered.

Appellants contend the vehicle was statutorily exempt from registration.[1] Appellants maintain that no-fault insurance coverage on the truck was not required since it fell within a registration exemption under MCL 257.216(b); MSA 9.1916(b). This statute provides in pertinent part:

"Every motor vehicle, trailer coach, trailer, semi-trailer, and pole trailer, when driven or moved upon a highway shall be subject to the registration and certificate of title provisions of this act except:

\* \* \*

"(b) A vehicle which is driven or moved upon a highway only for the purpose of crossing that highway from 1 property to another."

---

[1] MCL 500.3101(1); MSA 24.13101(1) provides:
"The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance. Security shall be in effect continuously during the period of registration of the motor vehicle."

Appellants allege that the truck was used exclusively on Complete Auto's private property and was operated on public highways only to go from one Complete Auto property to another. After reviewing deposition testimony and affidavits,[2] the trial court concluded that the "yard taxi" was used for "more than just a crossing of the highway". We agree.

David C. Ax, director of safety at Complete Auto, testified that in 1978 Complete Auto had a David Street facility (where the accident took place) and another facility at Maple Road. They were approximately three miles apart. He testified that the pickup truck involved in the accident would be driven on a public highway only to get from one of Complete Auto's properties to another and that the truck could have been used in 1978 to travel between these various properties in the course of Complete Auto's business. Gordon Garrett, employed in the yard by Complete Auto for nine years, testified that he had driven the vehicle in question between the two lots. He had also observed this truck leave the yard to go to another lot leased to Complete Auto, and to Bishop Airport in order to aid another vehicle which ran out of gas. Garrett testified that Complete Auto had a practice of sending unlicensed automobiles out on the roads with transport or temporary plates. George Kalis, supervisor of the rail loading operation, testified that transport plates were kept in the garage. Grant Lightfoote, an employee for 26 years, testified that he had seen the "yard taxis" driven from one facility to the other. In our opinion, the plain meaning of the exemption statute

[2] Although not indicated, it appears the motion was brought under GCR 1963, 117.2(3). In ruling on the motion, the court properly considered the affidavits, pleadings, depositions and other documentary evidence submitted by the parties. *Partrich v Muscat,* 84 Mich App 724, 730; 270 NW2d 506 (1978).

cannot be stretched to accommodate a situation such as this one where "yard taxis" are used to traverse approximately 3-1/2 miles of highway in order to get from one property to another.

We find that since Complete Auto clearly used its "yard taxis" to traverse highways in order to get to its other properties, instead of merely crossing the street, it was required to register such vehicles under MCL 257.216. Therefore, MCL 500.3101(1); MSA 24.13101(1) of the no-fault act required Complete Auto to maintain security for payment of benefits under personal protection insurance.

Complete Auto cannot escape application of the registration requirements or the liability provisions of the no-fault laws merely because this accident happened to occur on private property. MCL 500.3101 does not provide that no-fault insurance be carried for motor vehicles required to be registered only when they are "caught" operating illegally on a public highway. Rather, the statute requires insurance if registration is required. The fact that the accident occurred on private property is irrelevant.

National Union insured Complete Auto's fleet of vehicles, but only those vehicles which were required to have no-fault coverage. The policy provided that the insurance afforded

"shall comply with the provisions of any 'no-fault' law which has been or will be inacted [sic] to the extent of the coverage and limits of liability required by such law."

This provision indicates that National Union is the insurer of the "yard taxi" because it was required to be registered and, therefore, required to carry no-fault insurance.

Affirmed. Costs to Appellee.