REAVER v WESTWOOD

Docket No. 80243. Submitted April 18, 1985, at Detroit.—Decided
January 21, 1986.

Plaintiffs Carolyn and Laura Reaver were injured in an accident
involving a motorcycle owned by defendants Leroy and Patricia
Westwood and their son Joseph Reott. The parties entered into
a consent judgment in the amount of $100,000 in favor of
Carolyn Reaver and $25,000 in favor of Laura Reaver. The
judgment stipulated that satisfaction of the judgment could
only be obtained through a homeowner's insurance policy
issued by defendant Riverside Insurance Company, also known
as Transamerica Insurance Corporation of America, to defen-
dants Leroy and Patricia Westwood. Plaintiffs executed a writ
of garnishment against Riverside Insurance Company on the
basis of the insurance policy. Riverside moved for summary
judgment contending that plaintiffs had failed to state a claim
upon which relief could be granted. Plaintiffs responded with a
motion for summary judgment contending that Riverside had
failed to state a valid defense to their claim. The Wayne Circuit
Court, Harold M. Ryan, J., denied both motions but granted a
subsequent motion for summary judgment in favor of Riverside
on the basis that no genuine issue as to a material fact existed,
thereby entitling Riverside to summary judgment as a matter
of law. Plaintiffs appealed. *Held:*

1. The trial court erroneously found that the motorcycle was
in fact registered with the Secretary of State in concluding that
it was excluded from coverage by the terms of the homeowner's
insurance policy. A genuine issue of material fact exists as to
whether the motorcycle was driven or moved on a public
highway and therefore subject to motor vehicle registration.

2. The trial court erroneously concluded that the motorcycle

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 51 *et seq.*

Am Jur 2d, Summary Judgment §§ 26, 27.

Right to voluntary dismissal of civil action as affected by opponent's
motion for summary judgment, judgment on the pleadings, or
directed verdict. 36 ALR3d 1113.

See also the annotations in the ALR3d/4th Quick Index under
Automobiles and Highway Traffic § 2.

was designed to be equally functional for on-road and off-road use, inasmuch as the affidavits of two expert witnesses differed on the critical issue of the motorcycle's design. A genuine issue exists as to a material fact which makes the grant of summary judgment erroneous.

Reversed and remanded.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — ISSUE OF MATE-RIAL FACT — COURT RULES.

A motion for summary judgment on the ground that there is no genuine issue as to any material fact tests whether there is factual support for a claim and is to be tested by the pleadings, affidavits, depositions, admissions and other documentary evidence available to the court and is properly granted only where it is impossible for the claim asserted to be supported by evidence at trial (GCR 1963, 117.2[3]).

2. MOTIONS AND ORDERS — SUMMARY JUDGMENT — ISSUE OF MATE-RIAL FACT — COURT RULES.

A court in ruling on a motion for summary judgment on the ground that there is no genuine issue as to any material fact will give the benefit of any reasonable doubt to the party opposing the motion and may only grant the motion if it is impossible for the claim or defense to be supported at trial because of a deficiency which cannot be overcome (GCR 1963, 117.2[3]).

3. AUTOMOBILES — REGISTRATION.

The Michigan Vehicle Code requires registration of vehicles which are driven or moved upon a highway (MCL 257.216; MSA 9.1916).

4. AUTOMOBILES — REGISTRATION.

The phrase "subject to motor vehicle registration" as contained in the Michigan Vehicle Code means not that the vehicle is capable of being registered, but rather whether it must be registered because it is driven upon a highway (MCL 257.216; MSA 9.1916).

*Noel P. Keane, P.C.* (by *Herbert Brail*), for plaintiff.

*Ulanoff, Ross & Wesley, P.C.* (by *Janice G. Hildebrand*), for Riverside Insurance Company.

Before: SHEPHERD, P.J., and J. H. GILLIS and P. J. CLULO,* JJ.

SHEPHERD, P.J. Plaintiffs commenced this action on June 11, 1981, against the principal defendants, and other defendants who are no longer parties to this suit, to recover for injuries suffered by plaintiff Carolyn Reaver and by her infant daughter, Laura Reaver, when they were struck by a motorcycle owned by the principal defendants, Leroy and Patricia Westwood and their son Joseph Reott. The parties entered into a consent judgment on July 9, 1982, against the principal defendants in the amount of $100,000 in favor of Carolyn Reaver and $25,000 in favor of Laura Reaver. The consent judgment stipulated that satisfaction of the judgment could only be obtained through an insurance policy issued by Transamerica Insurance Group. On August 19, 1982, plaintiffs executed a writ of garnishment against Riverside Insurance Company, a member of Transamerica Insurance Group, on the basis of a homeowner's insurance policy the Westwoods had with Riverside at the time of the accident. Riverside (hereinafter defendant) moved for summary judgment under GCR 1963, 117.2(1). Plaintiffs responded with a motion for partial summary judgment brought under GCR 1963, 117.2(2). Both motions were denied by the trial court. However, the court subsequently granted defendant's amended motion for summary judgment, this time brought under GCR 1963, 117.2(3). Plaintiffs appeal from the trial court's order. We reverse and remand for further proceedings.

The underlying facts are not in dispute on appeal. Plaintiffs were injured on March 26, 1981, when they were struck by a Suzuki TS 125 motor-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

cycle driven by Gerald Steckel (formerly a defendant) while they were standing on a sidewalk or on the front lawn of a residence in the Township of Redford, Wayne County. The motorcycle was owned by Joseph Reott, minor son of the insureds, Leroy and Patricia Westwood. Reott had entrusted the motorcycle to Steckel shortly before the accident.

The Westwoods' homeowner's insurance policy issued by defendant and in effect at the time of the accident provides for comprehensive personal liability coverage as follows:

"COVERAGE E—COMPREHENSIVE PERSONAL LIABILITY

"(a) Liability: To pay on behalf of the insured all sums which the Insured shall become legally obligated to pay as damages because of bodily or personal injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, and as damages because of injury to or destruction of property, including the loss of use thereof."

However, operation of automobiles while away from the premises is specifically excluded from coverage:

"Section II of this Policy Does Not Apply:

\* \* \*

"(b) under Coverages E and F, to the ownership, maintenance, operation, use, loading or unloading of (1) automobiles while away from the premises or the ways immediately adjoining, except under Coverage E with respect to operations by independent contractors for non-business purposes of an insured not involving automobiles owned or hired by the insured, \* \* \*."

"Automobile" is defined in the policy as follows:

"(e) Automobile: 'Automobile' means a land motor

vehicle, trailer or semi trailer, other than crawler or farm-type tractors, farm implements and, *if not subject to motor vehicle registration, any equipment which is designed for use principally off public roads."* (Emphasis added.)

The sole question on appeal is whether the trial court erred in ruling that the TS 125 was an "automobile" under the terms of the insurance policy and therefore not covered. The parties agree that coverage is conditioned upon the vehicle's being both not subject to Michigan's motor vehicle registration and designed for use principally off public roads. Thus, summary judgment could properly be granted to defendant upon a showing either that the TS 125 was subject to registration or not designed principally for off-road use. Defendant's position is that coverage is excluded because the Susuki TS 125 was subject to Michigan's vehicle registration and was designed for both on- and off-road use. Plaintiffs contend that the vehicle was designed principally for off-road use and was not registered or subject to registration. Both sides presented affidavits below in support of their positions.

A motion for summary judgment under GCR 1963, 117.2(3) tests the factual sufficiency of the claim or defense. The court is to consider affidavits, pleadings, depositions and other documentary evidence submitted by the parties. *Patrich v Muscat,* 84 Mich App 724, 730; 270 NW2d 506 (1978). The benefit of any reasonable doubt is given to the party opposing the motion and the court may only grant the motion if it is impossible for the claim or defense to be supported at trial because of a deficiency which cannot be overcome. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973).

The trial court concluded, based on a form enti-

tled "Michigan Resgistration", that the motorcycle was in fact registered with the Michigan Department of State. This finding appears to be erroneous. The affidavits of Ahmed Mozham, Court Coordinator for the Secretary of State, clearly state that the form entitled "Michigan Registration" was used as a certificate of title only and was not used for vehicle registration. In a second affidavit, Mozham stated that the TS 125 *could* have been registered if the titleholder had so desired. Even defendant concedes that the vehicle was not actually registered. The question therefore becomes whether the TS 125 was "subject to motor vehicle registration" merely because it could have been registered.

Section 216 of the Michigan Vehicle Code provides in part:

"Every motor vehicle, trailer coach, trailer, semi trailer, and pole trailer, when driven or moved upon a highway, shall be subject to the registration and certificate of title provisions of this act * * *." MCL 257.216; MSA 9.1916.

It is clear from this section that only vehicles "driven or moved upon a highway" are subject to registration requirements. "Subject to motor vehicle registration" means not that the vehicle is *capable* of being registered, but rather whether it *must* be registered because it is driven upon a highway.

Patricia Westwood stated in an interrogatory that the TS 125 was used on the hills in the back yard of the Westwoods' property. Defendant has not challenged this statement by way of affidavit or other documentary evidence. We conclude that the trial court's finding that the TS 125 was registered is not supported by the evidence, and that a

genuine issue of material fact exists as to whether the TS 125 was driven or moved on a public highway and therefore subject to motor vehicle registration requirements.

The trial court also concluded that the TS 125 was designed to be equally functional as an on-road and off-road vehicle. Both sides presented affidavits of expert witnesses on the issue of design. Plaintiffs' expert, Robert Miller, concluded that the TS 125 was a trail bike designed primarily for off-road use, even though it could be used in most states for incidental use on public roads. Defendant's expert witness, Roland Robbins, stated that the TS 125 was designed to be equally functional for street use and off-road use. Gary Mudge, general manager of a Suzuki dealership, agreed that the model was designed to be equally functional as an off-road and on-road vehicle. The Miller affidavit directly contradicts the Robbins affidavit, not only on the ultimate conclusion of the model's intended use but also on the presence or absence of certain features on the model, such as type of tires (knobby or smooth), position of exhaust (above or below engine), and provisions for carrying a passenger. In addition, contrary to defendant's implication in its brief, neither the specification sheet nor the owner's manual states whether the TS 125 was designed for use principally off public roads.

Where, as here, there is a difference of opinion between experts on a critical issue, a genuine issue of material fact exists and summary judgment under GCR 1963, 117.2(3) should not be granted. Since the trial court's ruling on both questions was premature, the case should be reversed and remanded for further proceedings.

Reversed and remanded.