ROOT v INSURANCE COMPANY OF NORTH AMERICA

Docket No. 165787. Submitted August 9, 1995, at Detroit. Decided October 24, 1995, at 9:00 A.M.

Mary E. Root, for herself and as next friend of Jeff Root and Erica Root, minors, and Stephen Frost, as personal representative of the estate of Lance Root, brought an action in the Sanilac Circuit Court against Insurance Company of North America, seeking survivor's benefits under a no-fault insurance policy of the defendant for the death of Lance Root in an automobile accident. The defendant had determined that setoffs for social security and worker's compensation benefits exceeded the statutory no-fault survivor's benefits and therefore refused to pay survivor's benefits to the plaintiffs. The court, Donald A. Teeple, J., granted summary disposition for the plaintiffs, ruling that § 3109(1) of the no-fault act, MCL 500.3109(1); MSA 24.13109(1), allows a setoff for benefits provided or required to be provided under the laws of any state or the federal government, but not both. The defendant appealed.

The Court of Appeals *held:*

Where the use of the disjunctive "or" creates ambiguity in a statute, the language of the statute must be construed to give effect to the Legislature's intent. The purpose of § 3109 is to reduce insurance costs by preventing the recovery of benefits that duplicate those provided by the no-fault insurer. The Legislature clearly intended that a setoff be made for all benefits provided or required to be provided by law, regardless of whether the benefits were paid by a state or by the federal government. Construing § 3109(1) to permit the defendant to choose between a setoff of either state benefits or federal benefits would render § 3109(1) dubious and would not give effect to the Legislature's intent to eliminate duplicate benefits.

Reversed and remanded for summary disposition for the defendant.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE — SETOFFS — STATE AND FEDERAL BENEFITS.

Personal protection insurance benefits are subject to setoff for

REFERENCES

Am Jur 2d, Automobile Insurance §§ 432-436.
See ALR Index under Automobile Insurance.

benefits provided or required to be provided for the injury under state law and for benefits provided or required to be provided for the injury under federal law (MCL 500.3109[1]; MSA 24.13109[1]).

*Melamed & Dailey, P.C.* (by *Mark L. Dailey*), for the plaintiffs.

*Noeske, Tarnavsky & Blanco* (by *William D. Kahn*), for the defendant.

Before: Fitzgerald, P.J., and Cavanagh and R. H. Pannucci,* JJ.

Per Curiam. In this case we must decide whether both federal social security and state worker's compensation benefits may be set off against no-fault automobile insurance benefits under § 3109(1) of the Michigan no-fault act, MCL 500.3109(1); MSA 24.13109(1). We hold that benefits paid under both state and federal law may be set off in accordance with § 3109(1).

The decedent, Lance Root, was killed in an automobile accident on September 27, 1990. Plaintiffs are his surviving family members and the personal representative of his estate. At the time of his death, the decedent was insured under a no-fault automobile insurance policy issued by the defendant. As a result of the decedent's death, his survivors received federal social security benefits of $1,568 a month and state worker's compensation benefits of $1,830 a month. Defendant refused to pay survivor's benefits under the no-fault policy, arguing that § 3109(1) of the no-fault act compelled it to subtract the social security and worker's compensation benefits from the insurance benefits otherwise payable for the injury under Michigan law. Defendant maintained that, because the total

* Circuit judge, sitting on the Court of Appeals by assignment.

monthly amount received from social security and worker's compensation benefits exceeded the statutory maximum recovery of $2,808 for survivor's benefits, the no-fault survivor's benefits were reduced to zero.

Plaintiffs filed suit against the defendant, arguing that § 3109(1) permitted the defendant to set off benefits provided under either the laws of any state or the federal government, but not both. The trial court agreed and granted plaintiffs' motion for summary disposition. The trial court ordered defendant to pay no-fault survivor's benefits to the plaintiffs, less a setoff for worker's compensation benefits received.[1] Defendant appeals from this order as of right, arguing that it should be allowed to set off both the social security and worker's compensation benefits received. We agree and reverse.

Section 3109(1) provides:

> Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury.

Government benefits that must be set off under § 3109(1) include social security survivors' loss benefits and Michigan worker's compensation benefits. *DeMeglio v Auto Club Ins Ass'n*, 202 Mich App 361, 364; 509 NW2d 526 (1993), rev'd on other grounds 449 Mich 33; 534 NW2d 665 (1995). Plaintiffs contend, however, that the Legislature's use of the disjunctive "or" manifests its intent to permit a setoff of either the state benefits or the federal benefits, but not both. This issue has not been squarely addressed by the courts of this state.

---

[1] Worker's compensation was the larger setoff. Using this setoff, the resulting judgment amount was $35,208 plus interest.

The primary rule of statutory interpretation is to· ascertain and give effect to legislative intent. *Nolan v Dep't of Licensing & Regulation,* 151 Mich App 641, 648; 391 NW2d 424 (1986). Where the use of the disjunctive "or" creates ambiguity in a statute, the language of the statute must be construed to give effect to the Legislature's intent, and the words of the statute must be construed in light of the general purpose sought to be accomplished by the Legislature. *Beauregard-Bezou v Pierce,* 194 Mich App 388, 393; 487 NW2d 792 (1992). Although the term "or" is generally construed as referring to an alternative or choice between two or more things, *Hoffman v Auto Club Ins Ass'n,* 211 Mich App 55, 69; 535 NW2d 529 (1995), in *Esperance v Chesterfield Twp,* 89 Mich App 456, 460-461; 280 NW2d 559 (1979), this Court, citing *Heckathorn v Heckathorn,* 284 Mich 677, 681; 280 NW 79 (1938), noted:

> The popular use of "or" and "and" is so loose and so frequently inaccurate that it has infected statutory enactments. While they are not treated as interchangeable, and should be followed when their accurate reading does not render the sense dubious, their strict meaning is more readily departed from than that of other words, and one read in place of the other in deference to the meaning of the context.

Therefore, when it is clear that the Legislature intended to have the clauses read in the conjunctive, the word "and" can be substituted for the disjunctive "or." See *Esperance, supra.* See also *Aikens v Dep't of Conservation,* 387 Mich 495; 198 NW2d 304 (1972).

The purpose of § 3109 is to reduce insurance costs by preventing the recovery of benefits that duplicate benefits provided by the no-fault insurer.

*Popma v Auto Club Ins Ass'n,* 446 Mich 460, 476-477; 521 NW2d 831 (1994). A careful reading of the statute shows that the Legislature clearly intended that a setoff be made for all benefits provided or required to be provided by law, regardless of whether the benefits were paid by a state or by the federal government. Construing § 3109(1) to permit the defendant to choose between a setoff of either state benefits or federal benefits would render § 3109(1) dubious and would not give effect to the Legislature's intent to eliminate duplicate benefits.

Accordingly, we conclude that it was appropriate for the defendant to subtract the monies received by the plaintiffs under both state and federal law from the benefits otherwise owed under its policy with the decedent. The trial court therefore erred in granting summary disposition for the plaintiffs and ordering the defendant to set off only the worker's compensation benefits.

Reversed and remanded for entry of an order granting summary disposition for the defendant.