AUTO-OWNERS INSURANCE COMPANY v STENBERG BROTHERS, INC

Docket No. 198645. Submitted October 9, 1997, at Marquette. Decided December 16, 1997, at 9:05 A.M. Leave to appeal sought.

Auto-Owners Insurance Company brought an action in the Delta Circuit Court against Ronald J. and Linda L. Budkis and Stenberg Brothers, Inc., seeking a declaration regarding Auto-Owners' duty under a commercial liability insurance policy covering Stenberg Brothers to defend and indemnify Stenberg Brothers against an action by the Budkises for negligence and breach of warranty in connection with Ronald Budkis' fall from a tanker-trailer leased by Stenberg Brothers to Ronald Budkis' employer. The tanker-trailer, designed and originally used to transport liquids, was not registered as a motor vehicle and was used solely as a static tank for storage at the time of Budkis' injury. The Auto-Owners policy excluded automobiles, but not mobile equipment, from coverage and defined "mobile equipment" as a vehicle not subject to motor vehicle registration. The court, John D. Payant, J., entered a judgment in favor of the defendants, ruling that coverage for the tanker-trailer was not excluded under the Auto-Owners policy because the tanker-trailer qualified as special mobile equipment under MCL 257.62; MSA 9.1862 and special mobile equipment is exempt from motor vehicle registration under MCL 257.216(d); MSA 9.1916(d). Auto-Owners appealed, and Stenberg Brothers cross appealed.

The Court of Appeals *held*:

1. MCL 257.62; MSA 9.1862 defines "special mobile equipment" as "every vehicle not designed or used primarily for the transportation of persons or property and incidentally operated or moved over the highways." To meet this definition, a vehicle must be incidentally operated or moved over the highways and either must not be designed primarily for transportation of persons or property or must not be used primarily for transportation of persons or property. In this case, the tanker-trailer qualifies as special mobile equipment because it was only incidentally moved over a highway and was not used primarily for transportation.

2. The cross appeal by Stenberg Brothers need not be addressed in light of the disposition of Auto-Owners' appeal.

Affirmed.

BANDSTRA, J., concurring in the result, stated that only vehicles that are not designed or used primarily for transportation and are incidentally operated or moved over the highways can be special mobile equipment under MCL 257.62; MSA 9.1862, that the tanker-trailer at issue was designed primarily for transportation and therefore cannot be special mobile equipment, but that the tanker-trailer nevertheless was covered mobile equipment as defined by the Auto-Owners policy because it was not subject to motor vehicle registration during its use as a stationary storage tank.

AUTOMOBILES — SPECIAL MOBILE EQUIPMENT — EXEMPTION FROM MOTOR VEHICLE REGISTRATION.

A vehicle, in order to be special mobile equipment not subject to registration as a motor vehicle, must be incidentally operated or moved over the highways, and either must not be designed primarily for transportation of persons or property or must not be used primarily for transportation of persons or property (MCL 257.62, 257.216[d]; MSA 9.1862, 9.1916[d]).

*Bensinger, Cotant, Menkes & Aardema, P.C.* (by *Glenn W. Smith*), for Auto-Owners Insurance Company.

*Olsen, Filoramo, Jarvi & McNamara, P.C.* (by *Dennis D. Moffit*), for Stenberg Brothers, Inc.

Before: MURPHY, P.J., and HOOD and BANDSTRA, JJ.

MURPHY, P.J. Plaintiff appeals as of right the trial court's entry of judgment in favor of defendants in this declaratory judgment action. We affirm.

Defendant Stenberg Brothers leased a tanker-trailer to Mead Corporation for use as a storage tank. The tanker-trailer was built in 1955. It was designed to transport liquids in bulk, and had been used to do so until 1987. Since 1987, the tanker-trailer has not been registered and has been used solely as a storage tank. When leased by Mead Corporation, the tanker-trailer was pulled on a public highway fifteen miles to its destination and, when Mead Corporation was no

longer in need of the tanker-trailer, it was to be pulled back the same way. During the course of the lease to Mead Corporation, defendant Ronald Budkis, who worked for Mead Corporation, allegedly sustained personal injuries as a result of falling to the ground from the top of the tanker-trailer. Defendants Ronald J. and Linda L. Budkis sued defendant Stenberg Brothers, asserting negligence and breach of warranty. Plaintiff, who was defendant Stenberg Brothers' commercial insurer, filed this declaratory judgment action asking for a determination whether plaintiff had a duty to defend and indemnify defendant Stenberg Brothers in the underlying action. The trial court ruled that plaintiff did have a duty to defend and indemnify. We agree.

The general commercial liability policy at issue in the case at bar contained the following: "AUTOMOBILE EXCLUSION":

> It is agreed that the policy does not apply to the ownership, maintenance, operation, use, loading or unloading of
>
> (1) any automobile owned or operated by or rented or loaned to the named insured, or
>
> (2) any other automobile operated by any person in the course of his employment by the named insured, or
>
> (3) any mobile equipment while being towed or conveyed by an automobile, or
>
> (4) any snowmobile or trailer designed for use therewith; but this exclusion does not apply to the parking of an automobile on premises owned by, rented to or controlled by the named insured or the ways immediately adjoining, if such automobile is not owned by or rented to or loaned to the named insured.

The policy's definition of "automobile" is "a land motor vehicle, trailer or semi-trailer, designed for

travel on public roads . . . but does not include mobile equipment." According to the policy, a vehicle is "mobile equipment" if it is "not subject to motor vehicle registration." Therefore, under the policy, if a vehicle is not subject to motor vehicle registration, it is "mobile equipment," and not an "automobile," which means that the automobile exclusion does not apply and plaintiff has a duty to defend and indemnify.

Under Michigan law, one type of vehicle not subject to motor vehicle registration is "special mobile equipment." MCL 257.216(d); MSA 9.1916(d). Therefore, the determinative issue we must address is whether the tanker-trailer qualified as "special mobile equipment" pursuant to MCL 257.62; MSA 9.1862. The statute provides in part:

> "Special mobile equipment" means every vehicle not designed or used primarily for the transportation of persons or property and incidentally operated or moved over the highways, including farm tractors, road construction or maintenance machinery, mobile office trailers, mobile tool shed trailers, mobile trailer units used for housing stationary construction equipment, ditch-digging apparatus, and well-boring and well-servicing apparatus. The foregoing enumeration shall be deemed partial and shall not operate to exclude other such vehicles which are within the general terms of this definition.

The trial court ruled that the tanker-trailer was special mobile equipment because, although it was designed to transport property, at the time of the incident it was not being used in such a manner and was only incidentally operated on the highway. On appeal, plaintiff claims that this ruling was error.

In support of its claim, plaintiff relies on *Davidson v Secretary of State*, 351 Mich 4; 87 NW2d 131 (1957). In *Davidson*, the issue was whether the plaintiff's "batching trucks," which were used to transport concrete from a mixing plant to a paving site and traveled over public highways, qualified as "special mobile equipment." The Supreme Court answered in the negative, stating:

> The "batching trucks" were (1) designed and (2) used primarily for the transportation of property, and (3) their operation in 1955 over the service roads open to public travel was more than incidental. *Existence of any 1 of these 3 factors, all of them here present, will defeat the claimed exemption. [Id.* at 9 (emphasis added).]

Plaintiff concentrates on the emphasized portion of *Davidson* and argues that in this case, because the tanker-trailer was "designed" primarily for transportation of property, one of the Supreme Court's three factors exists and the claimed exemption is defeated.[1]

There is a clear conflict between the plain language of the statute and the Supreme Court's statement in *Davidson* regarding the statute. Under the plain language of the statute, a vehicle *is* special mobile equipment if it *is not* designed or used primarily for transportation and incidentally moved or operated on the highway. According to *Davidson*, a vehicle is *not* special mobile equipment if it *is* designed or used primarily for transportation and incidentally moved on the

---

[1] The Attorney General has adopted an interpretation of "special mobile equipment" that is based on the Supreme Court's statements in *Davidson*. See OAG, 1960, No 3456, p 64 (April 4, 1960). However, Attorney General opinions are not precedentially binding on this Court. *Chapman v Peoples Community Hosp Authority of Michigan*, 139 Mich App 696, 702; 362 NW2d 755 (1984).

highway. The conflict can be illustrated as follows: under the statute, if the vehicle was designed for such use, it could still be special mobile equipment if it is not used as such (and is only incidentally moved on the highway); whereas, under *Davidson*, if the vehicle was designed for such use, then it is not special mobile equipment no matter how it is actually used. The problem appears to be that in regard to the phrase "not designed or used," the statute, on its face, promotes a disjunctive relationship between "designed" and "used," whereas *Davidson* promotes a conjunctive relationship between the words. Therefore, the key to the conflict, is the interpretation to be placed on the word "or" as it appears in the statute.

The primary goal of statutory construction is to ascertain and give effect to the intent of the Legislature. *Livingston Co Bd of Social Services v Dep't of Social Services*, 208 Mich App 402, 406; 529 NW2d 308 (1995). When the language used in the statute is clear, that statute must be enforced as written. *Id.* In construing the language of a statute, every word or phrase should be accorded its plain and ordinary meaning unless defined in the statute. *Id.* The word "or" generally refers to a choice or alternative between two or more things. *Root v Ins Co of North America*, 214 Mich App 106, 109; 542 NW2d 318 (1995). "The popular use of 'or' and 'and' is so loose and so frequently inaccurate that it has infected statutory enactments." *Id.*, quoting *Esperance v Chesterfield Twp*, 89 Mich App 456, 460-461; 280 NW2d 559 (1979). However, the words are not interchangeable and their strict meaning " 'should be followed when their accurate reading does not render the sense dubi-

ous'" and there is no clear legislative intent to have the words or clauses read in the conjunctive. *Id.*

In our opinion, a literal reading of the plain language of the special mobile equipment statute does not render the sense dubious, and we have not been able to glean an intent on the part of the Legislature to have the words read in the conjunctive. As a result, we think that the plain language of the special mobile equipment statute mandates an interpretation by which a vehicle will be deemed special mobile equipment if it is not designed primarily for transportation of persons or property and is incidentally operated or moved over the highways, or if it is not used primarily for transportation of persons or property and is incidentally operated or moved over the highways. In other words, the vehicle must be (1) incidentally operated or moved over the highway *and* (2) not designed primarily for transportation of persons or property, *or* (3) not used primarily for transportation of persons or property; the presence of factor (1) along with the presence of either factor (2) or factor (3) will qualify a vehicle for the exemption. In the case at bar, the tanker-trailer was only incidentally moved over the highway, and was not used primarily for transportation. As a result, under the plain language of the statute, the tanker-trailer qualifies as special mobile equipment and is exempt from the registration requirements under MCL 257.216(d); MSA 9.1916(d).

The question we must now answer is whether *Davidson* should have an effect on this conclusion. It is the Supreme Court's obligation to overrule or modify its case law, and until and unless the Supreme Court takes such action, this Court and all lower

courts are bound by the Supreme Court's authority. *Boyd v W G Wade Shows*, 443 Mich 515, 523; 505 NW2d 544 (1993). This Court may properly express its belief that a decision of the Supreme Court was wrongly decided, but that conclusion does not excuse this Court from applying the rule of law from that decision. *Id.* However, a question that is neither considered nor essential to the resolution of a case is dictum and does not establish a rule of law. *People v Green*, 205 Mich App 342, 346; 517 NW2d 782 (1994).

In our opinion, the language in *Davidson* relied upon by plaintiff was not essential to the resolution of *Davidson* and is therefore dictum and not binding upon us. The Supreme Court's statement suggests that if a vehicle was either designed or used primarily for transportation, it does not qualify as special mobile equipment.[2] However, the question whether a vehicle qualifies as special mobile equipment when that vehicle is either designed *or* used primarily for transportation was not at issue in *Davidson* because the vehicles in that case were designed *and* used as such. In other words, because the vehicles in *Davidson* were designed and used primarily for transportation, a determination whether the "or" in "not designed or used" is disjunctive or conjunctive was not essential to the resolution of the case. As a result, we dismiss the cited passage in *Davidson* as dictum and opt for applying the plain language of the statute.

In conclusion, because the tanker-trailer is not used primarily for transportation of persons or property

---

[2] We agree with the Supreme Court that the presence of *Davidson*'s factor (3) alone will defeat the exemption; a vehicle must not be more than incidentally used on roads open to public travel. Therefore, our focus is on the use and design factors.

and is incidentally moved over public highways, it is special mobile equipment and exempt from registration. Therefore, the tanker-trailer qualifies as "mobile equipment" and not an "automobile" under the policy at issue. As a result, the policy's automobile exclusion does not apply and plaintiff has a duty to defend and indemnify.

Because of our disposition of plaintiff's claim, we need not address defendant's cross appeal.

Affirmed.

HOOD, J., concurred.

BANDSTRA, J. (*concurring*). I concur in the result reached by the majority but for a different reason.

While I agree with the majority that the portion of *Davidson v Secretary of State*, 351 Mich 4; 87 NW2d 131 (1957), relied upon by plaintiff is dictum, I conclude that the Supreme Court in *Davidson* reached the correct result. The statutory definition of "special mobile equipment" is a limiting definition, carving out from the universe of vehicles those that qualify. See MCL 257.62; MSA 9.1862. Under the statutory language, the vehicles that qualify are determined by a two-step process, which first delineates vehicles that are "not designed or used primarily for the transportation of persons or property . . . ."[1] From this cate-

---

[1] I agree with the majority's opinion that the word "or" is properly read as disjunctive rather than conjunctive. However, my analysis of the statute does not improperly read "or" as conjunctive. Instead, my analysis of the statute, compared to that of the majority, differs with respect to how the statute's use of the word "not" is to be applied. The majority's analysis applies "not" to each of the following verbs individually, meaning that a vehicle may be "special mobile equipment" if it is "not designed" or if it is "[not] used" primarily for the transportation of persons or property. My analysis rests on a determination that the legislative intent was that the verbs would be considered as a group and the "not" would be applicable

gory of vehicles, a smaller subcategory is identified as constituting "special mobile equipment," i.e., only those vehicles that are "incidentally operated or moved over the highways . . . ." Accordingly, if a vehicle is "designed or used primarily for the transportation of persons or property," that vehicle is not included within the first category. If, however, a vehicle falls within this category, it still fails to be "special mobile equipment" if it is more than "incidentally operated or moved over the highways." Under this analysis, the Supreme Court's conclusion that "[e]xistence of any 1 of these 3 factors . . . will defeat the claimed exemption" is correct. *Davidson, supra* at 9.[2]

The tanker-trailer at issue in this case is not "special mobile equipment" under the statute thus construed. The tanker-trailer was "designed . . . primarily for the transportation of . . . property" and does not fall within the category of vehicles delineated by the statute as potentially falling within the definition but only if they are "incidentally operated or moved over the highways."

Nonetheless, I agree with the majority's conclusion that the tanker-trailer is "special mobile equipment"

---

to the verb group; thus, the "not designed or used" language of the statute means "neither designed nor used."

[2] Both the above analysis and that of the majority is logically supportable. Thus, we are faced with two logically supportable analyses of the statute. I reject the majority's analysis because it is inconsistent with the *Davidson* dictum that has been the basis of repeated opinions by the Attorney General on various issues. See, e.g., OAG, 1961-1962, No 4031, p 519 (September 5, 1962); OAG, 1960, No 3456, p 64 (April 4, 1960); OAG, 1959-1960, No 3275, p 13 (January 31, 1959). While, as the majority points out, these opinions are not precedentially binding on this Court, a longstanding construction by the Attorney General "should be given considerable weight." *Aller v Detroit Police Dep't Trial Bd,* 309 Mich 382, 386; 15 NW2d 676 (1944).

for a completely different statutory reason. In its cross appeal, defendant Stenberg Brothers, Inc., argues that the trial court erred in not ruling in its favor on the basis of MCL 257.216;   MSA 9.1916, which provides that "[e]very motor vehicle, . . . when driven or moved upon a highway, is subject to the registration . . . provisions of this act . . . ." Defendant Stenberg Brothers argues that the tanker-trailer was not subject to registration under this provision because it was not ordinarily or regularly driven or moved upon a highway. Accordingly, under the insurance policy, defendant argues that the tanker-trailer is "mobile equipment" because it is "not subject to motor vehicle registration." I agree.

Whether the tanker-trailer was "subject to registration" under the statute depends not on whether it was capable of being registered but rather whether it was required to be registered under statute. *Reaver v Westwood*, 148 Mich App 343, 348; 384 NW2d 156 (1986).   Under the clear language of MCL 257.216; MSA 9.1916,   the tanker-trailer was "subject to . . . registration" when it was leased by Mead Corporation and "moved upon a highway" to the location where it was used as a storage tank. However, the registration requirement resulting from that brief move could have been satisfied with a fourteen-day "temporary registration" because the tanker-trailer did not transport liquids during the move. MCL 257.226b;   MSA 9.1926(2).  Following the move, the tanker-trailer was clearly used as a stationary storage tank and was no longer "subject to registration" under the statute. Accordingly, at the time of the accident at issue in this case, the tanker-trailer was "mobile equipment"

as defined by the insurance contract.[3] I would affirm because the trial court reached the correct result albeit for the wrong reason. *Welch v Dist Court*, 215 Mich App 253, 256; 545 NW2d 15 (1996).

---

[3] The situation here is different than that found in *Einerwold v Complete Auto Transit, Inc*, 145 Mich App 521, 524; 377 NW2d 890 (1985), where a pickup truck was regularly used to transport employees on public highways from one lot to another.