# STATE OF MICHIGAN

# COURT OF APPEALS

DANA A. TAYLOR,

Plaintiff-Appellee,

v

WILLIAM TAYLOR, JR.,

Defendant-Appellant.

FOR PUBLICATION
February 22, 2018
9:05 a.m.

No. 336193
Washtenaw Circuit Court
LC No. 16-000787-DM

Before: MURPHY, P.J., and SAWYER and BECKERING, JJ.

SAWYER, J.

We are asked whether a presumed father may, in a divorce action, challenge his paternity of a child born during the course of the marriage despite the fact that he did not raise the issue within three years of the child's birth. We conclude that he may.

The parties were married in 2000. The youngest child born during the course of the marriage was born in 2011 while the parties were separated. Both parties agree that defendant is not the biological father of the child. In fact, this is supported by a DNA test that established that there is a 0% probability that defendant is the child's biological father.

Plaintiff filed for divorce in 2016, when the child was five years old. Defendant thereafter moved the trial court for a paternity determination pursuant to MCL 722.1443(1). Defendant also moved to join the person believed to be the biological father. The trial court eventually denied both motions, believing that it lacked jurisdiction because defendant had not raised the issue within three years of the child's birth. Defendant now appeals by leave granted and we reverse.

Resolution of this case depends upon the proper interpretation of this sentence in MCL 722.1441(2):

> If a child has a presumed father, a court may determine that the child is born out of wedlock for the purpose of establishing the child's paternity if an action is filed by the presumed father within 3 years after the child's birth or if the presumed

-1-

father raises the issue in an action for divorce or separate maintenance between the presumed father and the mother.[1]

The trial court interpreted this sentence to mean that the issue must always be raised within three years of the child's birth, while defendant argues that the three-year limitation does not apply if the issue is raised in a divorce action. We agree with defendant's interpretation.

We review questions of statutory interpretation de novo.[2] The word "or" is disjunctive and provides a choice between alternatives.[3] Thus, MCL 722.1441(2) presents two alternatives, one where "an action is filed by the presumed father within 3 years after the child's birth" and a second where "the presumed father raises the issue in an action for divorce or separate maintenance between the presumed father and the mother." The three-year limitation only applies to the first option and this case involves the second option.

It is true that usage of "or" and "and" are sometimes erroneously used interchangeably.[4] But, "the words are not interchangeable and their strict meaning ' "should be followed when their accurate reading does not render the sense dubious" ' and there is no clear legislative intent to have the words or clauses read in the conjunctive."[5]

There is no clear indication that the Legislature intended to use the word "and" rather than "or." Indeed, doing so would either make no change to the meaning of the statute or make a dramatic change to the meaning. If we simply conclude that the Legislature intended to use "and" instead of "or" the sentence would read: "If a child has a presumed father, a court may determine that the child is born out of wedlock for the purpose of establishing the child's paternity if an action is filed by the presumed father within 3 years after the child's birth AND if the presumed father raises the issue in an action for divorce or separate maintenance between the presumed father and the mother." This reading would still seem to present the court with the same two different avenues to determine that a child was born out-of-wedlock without extending the three-year limitation to divorce and separate maintenance cases.

To extend the three-year limitation to divorce cases, we would have to substitute both "or" and "if" with the word "and" with the sentence now reading: "If a child has a presumed father, a court may determine that the child is born out of wedlock for the purpose of establishing the child's paternity if an action is filed by the presumed father within 3 years after the child's

---

[1] Defendant is the presumed father because he was married to plaintiff at the time of the child's conception or birth. MCL 722.1433(e).

[2] *Demski v Petlick*, 309 Mich App 404, 426; 873 NW2d 596 (2015).

[3] *Stock Bldg Supply, LLC v Crosswinds Communities, Inc*, 317 Mich App 189, 204; 893 NW2d 165 (2016).

[4] *Auto-Owners Ins Co v Stenberg Bros, Inc*, 227 Mich App 45, 50; 575 NW2d 79 (1997).

[5] *Id.* at 50-51, quoting *Esperance v Chesterfield Twp*, 89 Mich App 456, 460-461; 280 NW2d 559 (1979).

birth AND the presumed father raises the issue in an action for divorce or separate maintenance between the presumed father and the mother." But not only would this achieve plaintiff's interpretation of applying the three-year limitation to divorce actions, it would create the requirement that the presumed father raise the issue both in the divorce action and in a paternity action at the same time. That would create the additional restriction that there must be a divorce or separate maintenance action in order to raise the issue; there is nothing in the statute which would suggest that this is what the Legislature intended. Indeed, it would take away the option of a husband challenging the paternity of a child born during the course of the marriage without filing for divorce.

Therefore, we are left with only one rather unremarkable conclusion: the Legislature intended exactly what it said. The presumed father may raise the issue in a paternity action filed within three years of the child's birth OR in a divorce action (without regard to how old the child is). Accordingly, the trial court erred in denying defendant's motions on the basis the issue was raised in the divorce action more than three years after the child's birth.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Defendant may tax costs.

/s/ David H. Sawyer
/s/ William B. Murphy
/s/ Jane M. Beckering