*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ITT EDUCATIONAL SERVICES, INC.,

Petitioner-Appellant,

v

FLINT TOWNSHIP,

Respondent-Appellee.

UNPUBLISHED
March 12, 2019

No. 342290
Tax Tribunal
LC No. 2015-001819-TT

Before: METER, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

Petitioner appeals as of right the Tax Tribunal's order granting summary disposition to respondent, denying petitioner's claim for a tax exemption under MCL 211.7n. We affirm.

Petitioner was a for-profit, post-secondary undergraduate program operating in Swartz Creek.[1] For the 2015 tax year, respondent assessed taxes on petitioner's real and personal property. Petitioner challenged this assessment in the Tax Tribunal, claiming that the property was exempt from taxation under MCL 211.7n, which exempts from taxation "property owned and occupied by nonprofit theater, library, educational, or scientific institutions." The parties stipulated that the only issue before the Tribunal was a legal one: whether MCL 211.7n applied to for-profit educational institutions. The Tribunal concluded that only nonprofit institutions could claim the exemption in MCL 211.7n and granted summary disposition in respondent's favor. This appeal followed.

The only issue before this Court is whether for-profit educational institutions may claim a tax exemption under MCL 211.7n. We review *de novo* the trial court's interpretation of tax statutes. *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 75; 780 NW2d 753 (2010). Ordinarily, this review would require us to examine the statutory language to determine whether

---

[1] Petitioner indicated in its brief on appeal that it "ceased operating as an educational institution on September 7, 2016."

the Legislature has clearly expressed its intent therein. *Odom v Wayne Co*, 482 Mich 459, 467; 760 NW2d 217 (2008). If the intent of the Legislature is clear from the statutory language, no further interpretation would be necessary. *Id*. We would only engage in statutory interpretation if the Legislature's intent is not apparent from the statutory language. *PIC Maintenance, Inc v Dep't of Treasury*, 293 Mich App 403, 408-409; 809 NW2d 669 (2011).

Here, however, this review must yield to the doctrine of *stare decisis*. Under the doctrine of *stare decisis*, "principles of law directly examined and decided by a court of competent jurisdiction should not be lightly departed. . . . [C]ourts should be bound down by strict rules and precedents which serve to define and point out their duty in every particular case that comes before them." *McCormick v Carrier*, 487 Mich 180, 209-210; 795 NW2d 517 (2010) (internal citations, block notation, and quotation marks omitted). When *stare decisis* applies, we are bound "to follow the decisions of our Supreme Court" regardless of any contrary merit we may find in the parties' arguments. *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 447; 761 NW2d 846 (2008). "It is the Supreme Court's obligation to overrule or modify its case law, and until and unless the Supreme Court takes such action, this Court and all lower courts are bound by the Supreme Court's authority." *Auto-Owners Ins Co v Stenberg Bros, Inc*, 227 Mich App 45, 51-52; 575 NW2d 79 (1997).

While this case was pending before the Tax Tribunal, our Supreme Court issued its opinion in *SBC Health Midwest, Inc v Kentwood*, 500 Mich 65; 894 NW2d 535 (2017). Because *SBC Health* definitively determined that only non-profit institutions may claim the exemption in MCL 211.7n, we need not engage in any statutory analysis. Rather, we are bound to apply our Supreme Court's conclusion to this case, and are thereby bound to affirm the Tax Tribunal's order.

In *SBC Health*, our Supreme Court was asked to determine whether the petitioner, a for-profit educational institution, could claim the tax exemption set forth in MCL 211.9(1)(a). *Id*. at 67-68. MCL 211.9(1)(a) exempts from taxation the "personal property of charitable, educational, and scientific institutions." The petitioner claimed the exemption, and the taxing authority denied it, arguing that MCL 211.9(1)(a) applied only to non-profit institutions. *SBC Health*, 500 Mich at 68-69. Our Supreme Court disagreed with the taxing authority, concluding that "MCL 211.9(1)(a) is unambiguous. This statute allows the exemption of personal property from taxes imposed on institutions that are educational in nature," regardless of their nonprofit status. *Id*. at 72.

In coming to this conclusion, our Supreme Court read MCL 211.9(1)(a) and MCL 211.7n *in pari materia*.[2] *Id*. at 73-75. Our Supreme Court noted that educational institutions were

---

[2] "*In pari materia* (or the related-statutes canon) provides that laws dealing with the same subject should if possible be interpreted harmoniously." *Id*. at 73 n 26 (internal citation, quotation marks, and ellipsis omitted). Courts need not reserve *in pari materia* for interpreting ambiguous statutes; rather, the canon may be used to make the initial determination whether an ambiguity exists. *Id*.

subject to a " 'nonprofit' requirement" under MCL 211.7n and reasoned that "the Legislature's express inclusion of 'nonprofit' in MCL 211.7n only underscores its intent in omitting that term from the first sentence of MCL 211.9(1)(a)." *Id.* at 74-75. According to our Supreme Court, reading the two statutes *in pari materia* lead to the inescapable conclusion that "MCL 211.9(1)(a), by its plain and unambiguous language, does not require an educational institution to demonstrate nonprofit status in order to claim the personal property tax exemption." *Id.* at 78.

We recognize that the statute at issue in *SBC Health* was MCL 211.9(1)(a), not MCL 211.7n. Nonetheless, "if a court intentionally addresses an issue that is germane to the controversy in the case, the statement is not dictum even if the issue was not decisive." *Pew v Michigan State University*, 307 Mich App 328, 334; 859 NW2d 246 (2014). We cannot logically separate our Supreme Court's conclusion that MCL 211.7n excludes for-profit educational institutions from its conclusion that MCL 211.9(1)(a) does not. To do so would negate our Supreme Court's application of *in pari materia* and undermine the foundation of its opinion. Accordingly, we are bound by *stare decisis* to apply our Supreme Court's interpretation of MCL 211.7n to this case. *Auto-Owners Ins Co*, 227 Mich App at 51-52. Therefore, we conclude that petitioner, as a for-profit educational institution, was precluded from claiming the exemption set forth in MCL 211.7n.

Affirmed.


/s/ Patrick M. Meter
/s/ Deborah A. Servitto
/s/ James Robert Redford