*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN SPINE & BRAIN SURGEONS, PLLC,

UNPUBLISHED
April 23, 2019

Plaintiff-Appellant,

v

No. 341407
Oakland Circuit Court
LC No. 2017-160036-NF

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant-Appellee.

Before: JANSEN, P.J., and METER and GLEICHER, JJ.

PER CURIAM.

In this no-fault action, plaintiff appeals as of right the trial court's order granting summary disposition to defendant under MCR 2.116(C)(8) and (10). We reverse and remand for further proceedings consistent with this opinion.

Plaintiff is a neurosurgical medical practice which performed two surgeries on Sherman Butler after he was injured in a motor vehicle accident. At the time of the accident, Butler was allegedly insured under a no-fault policy with defendant. Following his surgeries, Butler assigned to plaintiff the right to enforce the payment of any charges "incurred, due, or past due for medical services, for which charges are payable under any policy of insurance." Plaintiff then filed a complaint against defendant, seeking payment for the two surgeries.

Defendant moved for summary disposition, arguing, in pertinent part, that Butler's assignment to plaintiff was barred by an anti-assignment clause in the no-fault policy.[1] The trial court concluded that the anti-assignment clause "must be enforced as written because it does not

---

[1] The anti-assignment clause provides: "No assignment of benefits or other transfer of rights is binding upon us unless approved by us." It is undisputed that defendant did not approve the assignment in this case.

violate a statute or public policy" and granted defendant's motion for summary disposition under MCR 2.116(C)(8) and (10).

Following the trial court's order, this Court issued its opinion in *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182; 920 NW2d 148 (2018). In its brief on appeal, defendant acknowledges that the same anti-assignment clause at issue in this case was rendered unenforceable by the panel in *Shah* because it contravened our state's longstanding public policy in support of the post-loss assignment of claims. See *id*. at 200. We agree with defendant that *Shah* is binding on this Court and requires us to reverse the trial court's grant of summary disposition. See MCR 7.215(C)(2).

Further, we decline defendant's invitation to declare a conflict with *Shah*. This Court's decision in *Shah* was based on our Supreme Court's decision in *Roger Williams Ins Co v Carrington*, 43 Mich 252, 254, 5 NW 303 (1880), in which our Supreme Court held that clauses barring the transfer of an accrued cause of action are absolutely unenforceable. *Carrington* has been binding precedent for nearly a century and a half. "It is the Supreme Court's obligation to overrule or modify its case law, and until and unless the Supreme Court takes such action, this Court and all lower courts are bound by the Supreme Court's authority." *Auto-Owners Ins Co v Stenberg Bros, Inc*, 227 Mich App 45, 51-52; 575 NW2d 79 (1997).[2]

Reversed and remanded. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Patrick M. Meter
/s/ Elizabeth L. Gleicher

---

[2] We note that defendant has applied for leave to appeal this Court's decision in *Shah*. As of the date of this opinion, our Supreme Court has not ruled on defendant's application for leave.